# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CARL R. GILBERT, II,
and SHARON GILBERT,
                              Plaintiffs,

      v.                                 Case No.: 3:08-cv-51-RV/MD

DAVID MORGAN, Sheriff of Escambia County,
Florida; CHARLIE WALKER, Code Enforcement
Enforcement Supervisor, and SOTIRIOS THAGOURAS,
Code Enforcement Officer, Escambia Board
of County Commissioners,
                              Defendants.
_____/

## **ORDER**

        Now pending is the defendants' joint motion to reopen discovery and amend their Rule 26 disclosures (docs. 177, 181).

        The background of this case is set forth in my order denying the defendants' motions for summary judgment (doc. 171). In short, plaintiff Carl R. Gilbert claims that the defendants violated his civil rights when he was arrested three times for allegedly violating various Escambia County ordinances. His wife, plaintiff Sharon Gilbert, has stated a derivative claim for loss of consortium. The litigation was removed to this court on February 8, 2008. Discovery closed on January 1, 2009, and the case is currently scheduled for a pretrial conference on October 21, 2009.

        The defendants move to reopen discovery (to a limited extent) and amend their Rule 26 disclosures on the basis of newly discovered evidence. Specifically, on September 14, 2009 (the day before they filed the motion to reopen discovery) the defendants obtained evidence which purportedly demonstrates that "someone" forged the signature of an insurance broker on a certificate of liability insurance form that was submitted on behalf of the plaintiffs' debris hauling business. This evidence is relevant, the defendants argue, because "[o]ne of the central issues in this case is the inability of the Plaintiffs to obtain the type of insurance necessary for the issuance of a permit by

the County to conduct the type of hauling activity they want to pursue." Thus, because the discovery speaks to "the Plaintiff's ability to qualify for the type of permit needed to operate their business, their credibility, as well as possible criminal conduct," the defendants believe it is critical to retake depositions of plaintiffs and certain other individuals connected to this evidence.

The plaintiffs object to the motion. They contend that the activities alleged in the defendants' motion "all occurred well after the allegations" at issue in this case and, consequently, they are irrelevant, inadmissible, and "not time connected." The plaintiffs further contend that the alleged criminal conduct is merely being asserted in retaliation for their filing and pursuing the present litigation.

Under Rule 6(b) of the Federal Rules of Civil Procedure, a court may in its discretion allow an act (such as discovery) to be done out-of-time "if the party failed to act because of excusable neglect." Inasmuch as the defendants have represented that they only learned of the new evidence the day before their motion, they have adequately made such a showing. Although the plaintiffs are correct that the evidence involves things that took place after the events at issue in this case, as defendants point out, the evidence may be relevant to the plaintiffs' credibility, if nothing else.

The defendants' joint motion to reopen discovery and amend their Rule 26 disclosures (docs. 177, 181) is hereby GRANTED, for a period ending **November 6, 2009**. The pretrial conference, currently scheduled for October 21, 2009, is hereby rescheduled to **December 17, 2009, at 2:00 p.m.** The attorneys' conference shall be held no later than **December 3, 2009,** and the pretrial stipulation shall be filed on or before **December 10, 2009**. In all other respects, this Court's order for pretrial conference and setting trial of August 24, 2009, remains in full force and effect.

DONE and ORDERED this 25th day of September, 2009.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

*Case No.: 3:08-cv-51-RV-EMT*